# MURPHY *v.* THOMPSON.

Patents; Interference; Abandonment; Presumptions.

While, if the continuity of the original application of one of the parties to an interference is interrupted by abandonment, he cannot successfully claim constructive reduction to practice as of his original filing date, where no testimony is taken on the question of abandonment, the granting of a renewal by the Commissioner will rebut any presumption that there was an abandonment, and under such circumstances the other party cannot successfully contend that his

rival is not entitled to relate back to his original filing date.  (Following *Cutler* v. *Leonard*, 31 App. D. C. 297.)

No. 1108.  Patent Appeals.  Submitted May 16, 1917.  Decided June 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. James A. Carr* and *Mr. A. M. Holcombe* for the appellant.

*Mr. L. S. Bacon, Mr. J. H. Milans,* and *Mr. Frank Parker Davis* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the court:

This appeal is from a decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to appellee, William Thompson.  The case was disposed of on appellant's motion to dissolve the interference.  Appellant, Walter P. Murphy, also moved, in the alternative, that, in case of an adverse decision on the motion to dissolve, the burden of proof should be shifted to Thompson and a time set for the taking of testimony on the question of abandonment.

Appellant, Murphy, filed his original application December 22, 1911.  A divisional application was filed April 10, 1915, on which a patent was issued October 12, 1915.  Thompson's application was filed June 16, 1911; allowed December 31, 1914; forfeited June 31, 1915, and renewed November 9, 1915.

It appears from a comparison of the above dates that Murphy's patent was issued between the date of Thompson's forfeiture and the date of his renewal.  Murphy, therefore, contends that Thompson had abandoned the invention at the date he acquired his patent.  Of course, if the continuity of Thompson's original application was interrupted by abandonment, he

could not claim constructive reduction to practice as of his original filing date. No testimony was taken on the question of abandonment, and the granting of a renewal by the Commissioner rebuts any presumption in favor of it.

In this situation, the tribunals below held that Thompson could relate back to his original filing date, which, on the face of the record, disposes of Murphy's contention. We are in accord with this view, since the case is ruled by the well-considered opinion of Mr. Justice Robb in *Cutler* v. *Leonard,* 31 App. D. C. 297.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                           *Affirmed.*

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.